# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLAUDIA STEMPIEN, et al.,

    Plaintiffs,

v.

ELI LILLY AND COMPANY and MCKESSON CORPORATION,

    Defendants.

NO. C06-1811 TEH

ORDER GRANTING DEFENDANT'S MOTION TO STAY AND VACATING PLAINTIFFS' MOTION TO REMAND

    This matter comes before the Court on (1) Defendant Eli Lilly and Company's motion to stay proceedings pending a decision on transfer by the Judicial Panel on Multidistrict Litigation ("JPML") and (2) Plaintiffs' motion to remand. The Court heard oral argument on Defendant's motion on Monday, May 1, 2006. Plaintiffs' motion has not been fully briefed, and oral argument on Plaintiffs' motion is not scheduled until June 12, 2006.

    This case was conditionally transferred to Multidistrict Litigation ("MDL") No. 1596, *In re Zyprexa Products Liability Litigation*, on April 14, 2006. Plaintiffs informed the Court that they intend to oppose the conditional transfer order in this case, and the JPML will therefore allow briefing on the transfer issue before deciding whether transfer is appropriate. This Court retains jurisdiction over this matter until any transfer ruling becomes effective.

    After carefully considering the parties' written and oral arguments on Defendant's motion, the Court finds a stay of proceedings to be appropriate in this case. The Court has the inherent power to control its own docket, including the power to stay proceedings in the interests of judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). While a conditional transfer order is pending, the JPML routinely counsels that courts may rule on any pending motions, including motions to remand, or courts may defer ruling on pending motions until after the JPML has decided the transfer issue. The JPML advises that the

"latter course may be especially appropriate if the motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization." *See, e.g.*, JPML Letter (Reply Ex. G).[1]

In this instance, the Court concludes that judicial economy warrants a stay of proceedings until after the JPML decides whether transfer is appropriate. The parties agree that seven cases involving the identical question – whether Plaintiffs fraudulently joined McKesson Corporation as a defendant to destroy diversity – are pending before courts in this district, and Plaintiffs do not dispute Defendant's representation that several other such cases are pending before other district courts in California. Moreover, given that this Court continues to receive new Zyprexa cases filed in federal court, the Court has no reason to expect that new cases will not be filed in California state court and subsequently removed by Defendants to federal court. Thus, multiple judges will need to decide the jurisdictional issue presented in this case unless the cases are ultimately transferred to MDL, where a single judge will be able to resolve the issue in all cases. Even if the Court were to grant Plaintiffs' motion to relate all Zyprexa cases naming McKesson Corporation pending in this district, judges in other California districts would nonetheless have to decide the issue, thus resulting in unnecessarily duplicative litigation, an inefficient use of judicial resources, and the risk of inconsistent results.

The Court finds that the interests in promoting uniformity and consistency therefore counsel in favor of a stay in this case. This is not a case where the jurisdictional issue is unlikely to be raised in other cases that may be transferred to MDL, nor is it a case where it is clear from a preliminary review of the notice of removal or motion to remand that removal was improper. *See, e.g., Leeson v. Merck & Co.*, No. CIV. S-05-2240 WBS PAN, 2006 U.S. Dist. Lexis 3096, at *8-10 (E.D. Cal. Jan. 25, 2006) (reviewing district court Vioxx cases

---

[1] The cited letter does not refer specifically to this case but, instead, concerns two other Zyprexa cases. However, the letter is a form letter that this Court has received in other cases under consideration by the JPML, including two cases currently before the Court involving Zyprexa and Seroquel.

2

involving allegations against McKesson and concluding that defendant's "fraudulent joinder arguments are not clearly baseless").

Plaintiffs have also failed to persuade the Court that the potential for delay if this Court issues a stay outweighs the considerations of judicial economy discussed above or the potential hardship to Defendants that would result from failing to stay the case. First, the Honorable Jack Weinstein, the judge presiding over the MDL litigation, has recently issued an order emphasizing expedition of discovery and the ultimate resolution of the Zyprexa litigation, thus undermining Plaintiffs' argument that this case would be significantly delayed if it had to wait for the MDL court to resolve the jurisdictional issue. *In re: Zyprexa Prods. Liab. Litig.*, MDL-1596 (E.D.N.Y. Apr. 10, 2006) (Reply Ex. J). Second, Defendants face considerable hardship if this Court were to decide the remand motion, regardless of whether the Court granted or denied that motion. As one court recently observed in a Vioxx case, if this Court were to deny the motion to remand, the MDL court may nonetheless revisit the issue upon transfer, thus forcing Defendants to relitigate the issue.[2] *Leeson*, 2006 U.S. Dist. Lexis 3096, at *15-16. If, on the other hand, this Court were to grant the motion to remand and the MDL court ultimately decided that removal was proper, Defendants would be prejudiced by being forced to litigate this case in state court because remand orders are not appealable. *Id.* at *16.

The Court acknowledges that at least one judge in the Central District of California has *sua sponte* remanded a Zyprexa case involving McKesson. *See Sconiers v. Eli Lilly & Co.*, No. CV 06-1466 PA (PJWx), slip op. (Ex. I to Pls.' Mot. to Remand). However, the Court is not without precedent in exercising its discretion to stay proceedings in this case. In the Vioxx cases, for example, most California district courts, with the exception of those in the Central District of California, either stayed cases pending transfer and allowed the MDL court to resolve the motions to remand or avoided the issue because the cases were transferred to MDL before motions to remand were filed. *Leeson*, 2006 U.S. Dist. Lexis

---

[2] Plaintiffs acknowledged at oral argument that the case would likely be transferred to the MDL court if their remand motion was denied.

3

3096, at *11-12. More recently, Judge William Alsup in this district has routinely stayed all Zyprexa cases as they are filed and, just last week, denied plaintiffs' request for leave to file a motion to remand in a case involving McKesson. *Johnson v. Eli Lilly & Co.*, No. C06-2188 WHA, docket no. 18 (N.D. Cal. Apr. 26, 2006) (Ex. A to Supplemental Decl. of James M. Neudecker). This Court finds the approach followed by Judge Alsup and the majority of California district courts to be more prudent than the Central District's consideration of the jurisdictional issues pending transfer.

Accordingly, and in light of all of the above, the Court GRANTS Defendant's motion to stay and VACATES Plaintiffs' motion to remand without prejudice. If the JPML does not transfer this case to the MDL court, then Plaintiffs may renew their motion to remand before this Court at that time.

**IT IS SO ORDERED.**

Dated:   05/04/06

                                    _____
                                    THELTON E. HENDERSON, JUDGE
                                    UNITED STATES DISTRICT COURT